IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-22220-CIV-MARTINEZ-BECERRA

SONIA CAROLINA LACAYO and
CARMELO LACAYO

    Plaintiffs,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST

    Defendant.
_____/

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**

COMES NOW, the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("Hartford"), by and through the undersigned, and pursuant to F.R.C.P. 12(b)(7) and 19, files this Motion to Dismiss for Failure to Join Indispensable Parties, and states:

**Introduction**

Plaintiffs' re-filed breach of contract action[1] must be dismissed for failure to join as party Plaintiffs definitional insureds, Norman, Sonia R and Carla Lacayo, who are co-owners of the subject property. The policy defines an insured as

---

[1] The original action related to this loss was previously dismissed for Plaintiff's failure to file an Amended Complaint. See Case No. 1:22-cv-23138-DPG, [D.E. 10], paperless order dismissing the case without prejudice.

relatives who reside at the property. Background reports indicate that Norman, Sonia R and Carla Lacayo all reside at the subject property. In addition, photographs of the three-bedroom, two-bathroom property taken during the adjustment of this claim show that each of the three bedrooms are occupied, confirming that the two named insureds do not reside alone at the subject property. Given the evidence of ownership and residence of the property, along with the common last names, Norma, Sonia R and Carla Lacayo meet the policy's definition of insureds, and are therefore indispensable parties to this action under the requirements of FRCP 19.

## Material Facts

1.  Plaintiffs and named insureds, Sonia C Lacayo and Carmelo Lacayo, filed a one-count breach of contract action against Hartford [D.E. 1-1] seeking benefits under policy number 55RBB572335 for alleged property damage arising from a water leak.

2.  The policy Declarations confirm that the insured property is located at 625 SW 92nd Court, Miami, Florida. [D.E. 1-2]

3.  The subject policy issued to Carmelo A and Sonia C Lacayo [D.E. 1-2] generally defines "insureds" as follows:

**DEFINITIONS**

\* \* \*
**5.** "Insured" means:

    **a.**    You and residents of your household who are:
           **(1)** Your relatives; or
           **(2)** Other persons under the age of 21 and in the [sic] of any person named above;
    **b.**    A student enrolled in school full time, as defined by the school, who was a resident of your household before moving out to attend school, provided the student is under the age of:
           **(1)** 24 and your relative; or
           **(2)** 21 and in your care or the care of a person described in **a.(1)** above; or

4.    Property appraiser records confirm that Norman Lacayo, Sonia C. Lacayo and Carla Lacayo are all co-owners of the subject property located at 625 SW 93rd Court, Miami, Florida. (See **Exhibit A**)

5.    Also, upon information and belief, Norman Lacayo, Sonia C. Lacayo and Carla Lacayo all reside at the subject property.

6.    A background report for Norman Lacayo shows that his driver's license has been registered at the subject property since 1992. (See **Exhibit B**)

7.    A background report also shows that Carla Lacayo's driver's license has been registered at the subject property since 1993. (See **Exhibit C**)

8.    Lastly, two background reports shows that both Sonia Carolina Lacayo and Sonia R. Lacayo were residents of the subject property since prior to the date of loss. (See Composite **Exhibit D**)

9.    During the adjustment of this claim, Hartford was provided access to inspect the insured three-bedroom, two-bathroom property. The claim file photographs show that each of the three bedrooms were occupied. (See bedroom photographs marked as Composite **Exhibit E**)

10. The background reports confirming residency, common last name, photographs showing full occupancy of the three-bedroom property and online ownership records indicate that Norman, Sonia R and Carla Lacayo are relatives of the named insured, Carmelo and Sonia C Lacayo, and therefore meet the policy's definition of an insured.

11. In the original action litigated under Case No. 1:22-cv-23138-DPG, the undersigned sent correspondence dated September 12, 2022, requesting that Plaintiffs' counsel include the additional insureds as party Plaintiffs. In addition, the undersigned filed a Motion to Dismiss [D.E. 4] in the original action outlining the same argument outlined herein. Despite this history, the instant Complaint does not include the additional parties and/or explain their absence.

12. By email dated June 9, 2023, the undersigned once again contacted Attorney Santi to request that he amend the Complaint to include the definitional insureds as Plaintiffs. To date, no response was received.

**Memorandum of Law**

*i.    Standard of Law.*

A moving party has the burden of proving that a non-party is necessary to an action, and must therefore be joined. *Panopoulos v. Lexington Ins. Co.,* Case No. 8:13-cv-700-T-33TGW, 2013 WL 2708688 *4 (M.D. Fla. June 12, 2013).

"Dismissal under Rule 12(b)(7) is a two-part inquiry. First, the court must

determine whether the absent party is a 'required' party according to Rule 19(a)." *Clay v. AIG Aerospace Ins. Svcs, Inc.,* 61 F.Supp.3d 1255, 1266 (M.D. Fla. 2014)(citing *Molinos Valle Del Cibao, C. por A v. Lama,* 633 F.3d 1330, 1334 (11th Cir. 2011)). A party would be required where that individual's absence "would create a substantial risk that the existing parties would incur inconsistent or duplicative obligations." *Id.* citing FRCP 19(a).

While Courts are typically limited to an analysis of the four corners of a Complaint and any attached exhibits in analyzing a Motion to Dismiss, Courts throughout Florida have recognized that a "Court is not limited to the facts alleged in the pleadings when considering a motion to dismiss for failure to join an indispensable party under Fed.R.Civ.P. 12(b)(7)." *Rook v. First Liberty Ins. Corp.*, 591 F. Supp. 3d 1178, 1179-80 (N.D. Fla. 2022)(citing *Muscogee (Creek) Nation v. Poarch Band of Creek Indians,* 525 F. Supp. 3d 1359, 1365 (M.D. Ala. 2021); *Aldar Tobacco Grp., LLC v. Am. Cigarette Co. Inc.*, 2009 WL 10682051, at *1 n. 1 (S.D. Fla. June 18, 2009)("The Eleventh Circuit has never articulated a standard for district courts to follow in analyzing Rule 12(b)(7) motions, but its sister circuits allow for review outside the four corners of the complaint.")); see also *2002 Irrevocable Trust for Richard Hvizdak v. Huntington Nat'l Bank*, No. 2:08-cv-556-FtM-99-CNF, 2008 WL 5110778 at *1 ("A motion to dismiss for…failure to join a party under Rule 19 pursuant [to] FED.R.CIV.P. 12(b)(7) … [is]

addressed to the sound discretion of the court. The Court may consider matters outside the four corners of the complaint in deciding such motions.")(citing *Lipcon v. Underwriters at Lloyd's London,* 148 F.3d 1285, 1290 (11th Cir. 1998)).

If a party is found to be required under FRCP 19(a), then the inquiry turns to whether the action may proceed in the absence of the unnamed party. *Id.* In *Dewitt v. Daley*, 336 B.R. 552 (S.D. Fla. 2006), this Court explained that the inquiry must then shift to the factors outlined in FRCP 19(b), including: the extent of potential prejudice in continuing litigation without the absent party; whether any potential prejudice may be lessened or avoided; whether any judgment in absence of the required party would be adequate; and whether there would be an adequate alternate remedy if the action is dismissed.

### ii. *The Definitional Insureds Are Indispensable Parties.*

Co-owners of the property, Norman, Sonia R and Carla Lacayo, are definitional insureds who also have an interest in this litigation. The policy defines an insured as a family member who resides at the property. Property appraiser records confirm that Norman, Sonia R and Carla Lacayo also share ownership of the subject property. In addition, background records confirm that Norma, Sonia R and Carla Lacayo also list the subject property as their residence. Lastly, photographs indicate that the three-bedroom property is fully occupied confirming residence as well.

As relatives of the named insureds, and co-owners, Norman, Sonia R and Carla Lacayo meet the policy's definition of an insured. Their co-ownership of the property at all relevant times also establishes that Norman, Sonai R and Carla hold an insurable interest in the property, and are therefore eligible to enforce the policy terms. See *Covington v. State Farm Fire & Cas. Co.,* 330 So. 3d 943 (Fla. 4th DCA 2021) and *Corat Int'l, Inc. v. Taylor,* 462 So. 2d 1186 (Fla. 3d DCA 1985). As definitional insureds with an insurable interest in the policy, Norman, Sonia R and Carla Lacayo are all indispensable parties to this action, who must be joined if feasible.

### iii.   *Joinder of the Unnamed Parties is Required.*

When considering the factors under Rule 19(b) as to whether it is feasible to join the additional parties named in this motion, there is no question that Hartford would be prejudiced if the definitional insureds are not joined. The definitional insureds all have a legal, financial and insurable interest in the property, the policy and this claim. Accordingly, if they are not joined, the definitional insureds may file a separate action seeking relief for the same loss under the same policy. A second action litigated by a different Court would result in the potential for inconsistent results, and would subject Hartford to the added expenses of defending against two actions for the same loss. Moreover, Plaintiffs have a simple remedy—to amend their Complaint to join the definitional insureds in this

action.

Complete relief amongst all parties cannot be achieved without joining Norman, Sonia R and Carla Lacayo. Hartford requests that these indispensable parties be joined in this action. See *Davis v. Raymond,* No. 12-228578-CIV, 2013 WL 2047424 *4 (S.D. Fla. May 14, 2013)("If a person has not been joined as required, the court must order that the person be made a party."); see also *Freeman v. Geovera Specialty Ins. Co.*, No. 20-61799-civ-SMITH, 2020 WL 9212053 (S.D. Fla. Nov. 23, 2020) and *Armendariz v. Scottsdale Ins. Co.,* No. 1:20-cv-20127-UU, 2020 WL 6134263 (S.D. Fla. Jan. 28, 2020).

Joining the definitional insureds in this action will not prejudice Plaintiffs, and will not destroy diversity jurisdiction since evidence indicates that the definitional insureds reside at the subject property. The danger of potential prejudice to Hartford mandates dismissal until all of the proper parties are joined in this action.

WHEREFORE, Defendant, Hartford Insurance Company of the Midwest, respectfully requests that this Honorable Court enter an Order dismissing this action without prejudice until the definitional insureds identified herein are joined as an indispensable parties to this action, and any other relief this court deems just and appropriate under the circumstances.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, the undersigned certifies that she contacted Attorney Carlos Santi via email on June 9, 2023 at 2:53 p.m. regarding the relief sought herein, and that Attorney Santi did not respond to the Defendant's request to state his position on the instant motion.

Dated this 19th day of June, 2023.

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/ Tracy A. Jurgus*
TRACY A. JURGUS, ESQ.
Florida Bar No.: 483737
tjurgus@butler.legal
LAUREN A. MADDOX, ESQ.
Florida Bar No:1003889
lmaddox@butler.legal
Secondary:   anorwitch@butler.legal
Mail Center: 400 North Ashley Drive, Suite 2300
            Tampa, FL  33602
Telephone:   (305) 416-9998
Facsimile:   (305) 416-6848
*Attorneys for Defendant, Hartford Ins. Co. of the Midwest*

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

Carlos L. Santi, Esq.
Property & Casualty Law Group
2307 Douglas Road, Suite 302
Miami, FL 33145
*Attorneys for Plaintiffs, Sonia R. Lacayo and Carmelo Lacayo*

by CM/ECF on June 16, 2023.

*/s/ Tracy A. Jurgus*
TRACY A. JURGUS, ESQ.