UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-cv-22220-JEM

SONIA CAROLINA LACAYO,
CARLA V. LACAYO,
NORMAN LACAYO,
SONIA R. LACAYO,

    Plaintiffs,

v.

HARTFORD INS. COMPANY
  OF THE MIDWEST,

    Defendant.
_____

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiffs, by and through their undersigned attorney, pursuant to F.R.Civ.P. 56 and FL SO Local Rule 56.1, file their Response in Opposition to Defendant's, Hartford Insurance Company of the Midwest (hereinafter referred to as "the Defendant"), Motion for Summary Judgment, and state the following:

**PRELIMINARY STATEMENT**

This lawsuit arises from a first party insurance claim for damages to property as a result of a windstorm. Plaintiffs are the owners of the real property located at 625 SW 93rd Court, Miami, FL 33174 (hereinafter "the Property"). On or about 06/06/2020, the Property sustained damage to the roofing system and ensuing water damage to the interior as a result of a windstorm (hereinafter "the Loss"). Defendant provided coverage for the interior water damages but denied coverage for the damage to the roofing system because it believed Plaintiffs prejudiced Defendant's investigation by replacing the roof prior to Defendant's

DENNIS A. DONET, P.A.

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com

inspection.

Defendant's Motion for Summary Judgment should be denied because: 1) Defendant was not prejudiced, given it determined that coverage existed for the interior water damage under the Policy; and 2) there is an issue of fact regarding whether or not Defendant issued payment to Plaintiff Insureds for at least the "Actual Cash Value" for the Loss, as required by the terms of the Policy.

**RESPONSE**

**I.    Summary Judgment Standard of Review.**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. *at* 247-48). The court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor. *Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs.*, L.L.C., 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343.

The court should not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." *See e.g. Carlin Commc'n, Inc.*, 802 F.2d at 1356; *see also Aurich v. Sanchez*, No. 08-80113-CIV, 2011 WL 5838233, at *1 (S.D. Fla. Nov. 21, 2011) ("If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then the court must not grant summary judgment." (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913 (11th Cir. 1993)). Even "where the parties agree on the basic facts but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

Furthermore, summary judgment is inappropriate where the Court would be required to weigh conflicting renditions of material fact or determine witness credibility. *See Hairston*, 9 F.3d at 919; *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-

DENNIS A. DONET, P.A.

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com

Page | 4

movant's evidence is to be accepted for purposes of summary judgment."); *see also Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he [or she] is ruling on a motion for summary judgment or for a directed verdict." (quoting *Anderson*, 477 U.S. at 255)); *Gary v. Modena*, No. 05-16973, 2006 WL 3741364, at *16 (11th Cir. Dec. 21, 2006) (Fed. R. Civ. P. 56 precludes summary judgment where court would be required to reconcile conflicting testimony or assess witness credibility); *Ramirez v. Nicholas*, No. 13-60820-CIV, 2013 WL 5596114, at *4 (S.D. Fla. Oct. 11, 2013) ("The Court may not make the credibility determinations needed to resolve this conflict; only the jury may do so.").

    II.    **Policy Terms are Clear and Should be Given Plain Meaning.**

Agreed.

    III.    **Memorandum of Law Regarding "Prompt Notice"**

        a.  **Defendant's Policy Language governs and Defendant has not met its burden to establish that it has been prejudiced.**

Section III of Defendant's Motion for Summary Judgment states that:

"Plaintiffs failed to comply with the policy's requirement to promptly report a claim. The subject policy requires prompt notice.:

**SECTION I. CONDITIONS**
* * *
**B. Duties After Loss**
In case of a loss to covered property, we have no duty to provide coverage under this policy of the failure to comply with the following duties <u>is prejudicial to us</u>. These duties must be performed either by you, an insured seeking coverage, or a representative of either:
**1.** Give prompt notice to us or our agent.
* * *
**G. Suit Against Us**
No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within five years after the

DENNIS A. DONET, P.A.

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com

Page | 5

> date of loss.
> \* \* \*"

[DE 67], Page 4 (Bold emphasis in original and underlined emphasis ours).

In the Fourth District Court of Appeal's case of *Perez v. Citizens Prop. Ins. Corp.*, 345 So.3d 893 (Fla. 4th DCA 2022)(*Rev. denied*), the Fourth District Court of Appeal reversed a summary judgment entered in favor of insurer, emphasizing that the plain language of the insurance policy placed the burden on the insurer to prove that it had been prejudiced, and that "whether insurer is prejudiced is a question of fact":

> "The trial court also found no genuine dispute as to any material fact that Citizens was prejudiced, because insureds failed to rebut the presumption of prejudice to Citizens caused by the late notice. However, the policy language places the burden on the insurer to prove prejudice. The policy language here provides that as a condition of the policy, Citizens has 'no duty to provide coverage under this Policy if the failure to comply with the following duties is prejudicial to us.' In *Arguello v. People's Trust Insurance Co.*, 315 So. 3d 35, under similar policy language, we wrote that an insured's 'failure to comply with policy conditions requires prejudice to insurer in order for that failure to constitute a material breach and permit an insurer to deny coverage for a claim. *Whether insurer is prejudiced is a question of fact.*' *Id.* at 41–42. In *Godfrey v. People's Trust Insurance Co.*, 338 So. 3d 908, 909 (Fla. 4th DCA 2022), we relied on *Arguello* to hold that the policy language present there and in this case requires an express showing of prejudice by the insurer in order for the insured's failure to comply with policy conditions to constitute a material breach and permit an insurer to deny coverage for a claim. Thus, as Citizens alleged the notice was untimely, under the policy it was required to show prejudice.
>
> Citizens presented no such evidence. Instead, it argued at the summary judgment that insureds' expert's affidavit did not rebut the presumption of prejudice. But the affidavit clearly raised a genuine dispute as to a material fact. The expert testified that, even with the delay in notice, he could determine that Hurricane Irma was the cause of the damages to the property and their extent. Citizens presented no evidence that it was prejudiced by the untimely notice."

*Id.*, at 896. *See also Sec. First Ins. Co. v. Visca*, Case No.: 4D2023-0961 (Fla. 4th DCA Jun 05, 2024); *cf. Arce v. Citizens Prop. Ins. Corp.*, 49 Fla. L.Weekly D79 (Fla. 3d DCA Jan. 3, 2024).

    **b. Prompt Notice Provision (generally)**

Plaintiffs would argue that even if this Honorable Court were to follow *Arce, supra*,

DENNIS A. DONET, P.A.

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com

instead of *Perez, supra*, genuine issues of material fact remain disputed regarding Defendant's lack of prejudice, or Plaintiffs' rebuttal of same.

As this Honorable Court is undoubtedly aware, the purpose of a notice provision is to allow an insurer "to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." *LoBello v. State Farm Florida Ins. Co.*, 152 So.3d 595, 598 (Fla. 2d DCA 2014). A two-step analysis determines whether untimely reporting of loss results in the denial of coverage. *1500 Coral Towers Condo. Ass'n v. Citizens Prop. Ins. Corp.*, 112 So.3d 541, 543–45 (Fla. 3d DCA 2013).

**Rebutting Presumption of Prejudice – second step**

Even if the insured's notice was determined to be untimely, the insured has the ability to prove the insurer was not prejudiced by the untimely notice. Absent language in the insurance policy to the contrary, prejudice to the insurer is presumed and the insured ultimately bears the burden of rebutting the presumption. *See Bankers Ins. Co. v. Macias*, 475 So.2d 1216, 1218 (Fla.1985). Whether the presumption of prejudice was overcome is ordinarily an issue of fact. *See Gonzalez v. U.S. Fid. & Guar. Co.*, 441 So. 2d 681, 681 (Fla. 3d DCA 1983); *cf. Aurich v. Sanchez*, No. 08-80113-CIV, 2011 WL 5838233, at *1 (S.D. Fla. Nov. 21, 2011) ("If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then the court must not grant summary judgment." (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913 (11th Cir. 1993)). Even "where the parties agree on the basic facts but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

The key to analyzing prejudice by the alleged late notice is determining whether the insurance company was deprived of the opportunity to make a timely investigation. *Bankers Ins.*

Dennis A. Donet, P.A.

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com

*Co. v. Macias*, 475 So. 2d 1216, 1218 (Fla. 1985); *see also Stark v. State Farm Fla. Ins. Co.*, 95 So. 3d 285 (Fla. 4th DCA 2012). The Court should also consider whether Defendant **chose** not to promptly and fully investigate. *See e.g. Solar Time Limited v. XL Specialty Insurance Company*, 17 Fla. L. Weekly Fed. D751 (S.D. Fla. June 15, 2004) (emphasis added). In *Solar Time*, the United States District Court for the Southern District of Florida analyzed an insurer's claims of prejudice under Florida law when the insurer failed to timely investigate a claim. The court found the insurer, XL Specialty Insurance Company, was not prejudiced because it failed to timely investigate the claim. Specifically, the court found:

> "When XL was advised of the claim in 1997, XL made no investigation into coverage other than reviewing the documents submitted in connection with the E & 0 Loss Report. As to liability, XL **did not attempt to investigate** the claim itself. XL *did not take statements* of any of the witnesses, and [XL] does not know what [the insured's counsel] did. [XL] has **no knowledge of any witnesses or documents that could not be located because of late notice** that were pertinent to the defense of the underlying case. As to the [claimant's] bankruptcy, asserted by XL as another basis for prejudice, XL **never investigated the availability of insurance** issued to [the claimant], nor did it know of the bankruptcy at the time... Based on the foregoing, the court finds that XL was not prejudiced by the failure of Lancer to give notice of the loss in 1996.

Once an insured demonstrates lack of prejudice, mere speculation that prejudice might exist as a result of late notice is insufficient. *See Tiedtke v. Fidelity & Cas. Co. of New York*, 87 222 So. 2d 206 (Fla. 1969). ("Mere re speculation that prejudice may exist will not suffice when lack of prejudice is clearly demonstrated").

In *Yacht Club on the Intracoastal Condominium Ass'n, Inc. v. Lexington Ins. Co.*, the insureds, a condominium association with 380 residential units contained in sixteen buildings, asserted that in the years after Hurricane Wilma the residents grew concerned regarding the worsening conditions to the buildings. 599 F. App'x 875, 877 (11th Cir. 2015). Four years and seven months after Hurricane Wilma, the insureds sent formal notice of its loss to Lexington. *Id*.

DENNIS A. DONET, P.A.

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com

at 878. The Court found that as a matter of law that Yacht Club's notice to Lexington was untimely. *Id*. at 880. "Even if it provided late notice, the Yacht Club avers there is a material dispute of fact as to whether it has rebutted the presumption of prejudice." *Id*. at 881. The only information the Yacht Club proffers to rebut the presumption of prejudice is that both parties' experts gave opinions, albeit varying, as to causation. *Id*. The Court states that the ability to offer testimony as to causation alone does not satisfy the purpose of prompt notice and therefore cannot vitiate the prejudice suffered by Lexington due to the delayed investigation and mitigation. *Id.* The Court further asserts that Florida Courts have offered various ways by which an insured can rebut the presumption. For example, if, "an investigation conducted immediately following the occurrence would not have disclosed anything materially different from that disclosed by delayed investigation an insured may rebut the presumption. *Id*. at 882.

## ARGUMENT

Defendant's Motion for Summary Judgment should be denied because: a) There is a genuine issue of material fact regarding whether Defendant issued at least Actual Cash Value due for the Loss pursuant to the terms of the Policy; and b) there is a genuine issue of material fact as to whether Defendant was prejudiced, given that it was not deprived of the opportunity to investigate the claim, and ultimately the Defendant determined that coverage existed for the "ensuing" interior water damage, or, alternatively, there is sufficient evidence for the Jury to determine whether Defendant was prejudiced.

***Defendant failed to pay at least Actual Cash Value as required by the Policy.***

The Insurance Policy at issue ("Policy") requires Defendant to issue payment for at least actual cash value. See [DE 66-2], Pg. 13. (EXHIBIT-1 TO DODD DECLARATION). Here, Defendant determined the actual cash value of the covered Loss was $6,885.37, on November 4, 2021. Defendant's desk adjuster, Mr. Aaron Swartz, testified that Defendant's actual cash value

DENNIS A. DONET, P.A.

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com

of repair cost estimate for the interior water damage in the kitchen and bedrooms was $6,885.37. See [DE xx-1] Transcript of the Deposition of Defendant's Desk Adjuster, Pg. 10, Lines 4-11.

At a minimum, however, according to Plaintiffs' damages expert, Mr. Mario Farnesi, CGC, the actual cash value for the damages to the interior of the home was $21,941.63. See [DE xx-1], Affidavit of Plaintiffs' Expert, CGC Mario Farnesi. Additionally, Plaintiffs have incurred $16,500.00, to replace the roof which was damaged in connection with the Loss. Defendant has denied coverage for the cost to replace the roof. Defendant's failure to properly pay the Actual Cash Value of the Loss is the very issue, disputed indeed, to be determined by the trier of fact, and which precludes summary judgment.

Given the foregoing, there is a genuine issue of material fact regarding whether Defendant issued the appropriate Actual Cash Value for the Loss, and Defendant's Motion for Summary Judgment should be denied.

> ***Defendant's Motion for Final Summary Judgment should be denied because Defendant admitted coverage as to the interior water damage, waived policy conditions, or alternatively, there is sufficient evidence for a jury to determine that Defendant was not prejudiced.***

Payment of a claim is the functional equivalent of a confession of judgment in favor of the insured. *See Pepper's Steel & Alloys, Inc. v. United States*, 850 So. 2d 462, 465 (Fla. 2003) *see also Llerena v. Lumbermens Mut. Cas.,* 379 So.2d 166, 167 (3d DCA 1980); *see e.g. State Farm Fla. Ins. Co. v. Seville Place Condo. Ass'n,* 74 So. 3d 105 (Fla. 3d DCA 2011).   Once Defendant concedes coverage, it waives compliance with policy conditions. *See State Farm Florida Ins. Co. v. Seville Place Condo. Assn, Inc.*, 2009 WL 3271300 (Fla. 3d DCA 2009) (finding that State Farm waived most or all defenses to coverage by acknowledging and paying a loss amount to the Association following receipt of the claim); *see also Gonzalez v. People's Tr. Ins. Co.*, 307 So. 3d 956 (Fla. 3d DCA 2020); *see e.g. Water Rest. Guys, Inc. v. Citizens Prop.*

DENNIS A. DONET, P.A.

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com

*Ins. Corp.*, 347 So. 3d 449 (Fla. 3d DCA 2022) (finding waiver of policy obligations after the insurance company concluded its investigation and denied coverage).

Here, Defendant determined the actual cash value for the covered Loss was $6,885.37 on November 4, 2021. Defendant assigned desk adjuster Aaron Swartz to respond to Plaintiffs' Notice of Intent to Initiate Litigation. See [DE xx-1] Transcript of the Deposition of Defendant's Desk Adjuster, AARON SWARTZ, Pg 7, Lines 22-25. Mr. Swartz testified that the actual cash value of repair cost estimate for the interior water damage in the kitchen and bedrooms cited in his June 14, 2022 correspondence to Plaintiffs amounted to $6,885.37. Swartz Deposition, Pg. 10, Lines 4-11. Mr. Swartz further testified Defendant made a decision to extend an offer of *additional* money to Plaintiffs. Swartz Deposition, Pg. 13, Lines 7-12. Moreover, Mr. Swartz testified that Defendant's decision to extend additional money to Plaintiffs was not prejudiced by actions or inaction of the Plaintiffs. Swartz Deposition, Pag. 13, Lines 15-22.

## IV.     Plaintiffs have met their burden of establishing a covered Loss under the Policy

It is undisputed that: (1) Defendant issued a policy to Plaintiffs and (2) Plaintiffs suffered a Loss during the effective dates of the Policy, (3) Defendant conceded coverage for the interior water damage, (4) Defendant decided to extend additional money for the Loss, and 5) Defendant admitted its decision to extend additional money for the Loss was not prejudiced by Plaintiffs.

In addition, Plaintiffs rely on the expert testimony of Roy Bodman, P.E. (Professional Engineer), to establish that the Loss occurred during the policy period, and that the Loss caused damage to the subject Property. See Cause and Origin Report prepared by Mr. Bodman [DE 58-1]. While Defendant seeks to impeach Engineer Bodman's testimony, Defendant has not filed any *Daubert* motion seeking to exclude his testimony as an expert witness in this matter. The testimonies of Plaintiffs and of Engineer Bodman would support a jury's finding that a covered loss occurred to the Property during the Policy period. Though Defendant suggests that damages

DENNIS A. DONET, P.A.

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com

occurred outside of the policy period, Defendant has not asserted an affirmative defense asserting prior damages to the Property.

## V.   Plaintiffs' Recovery is not limited to Actual Cash Value

Plaintiffs reject Defendant's assertion that they are only entitled to receive Actual Cash Value calculation for their Loss. The undisputed evidence confirms that Plaintiffs have incurred the sum of $16,500.00, to replace the subject roof. Indeed, Defendant relies on said roof replacement in order assert its alleged prejudice due to late notice.  In addition to the amount of $16,500.00, Plaintiffs further establish by expert testimony that the actual cash value for the damages to the interior of the home is $21,941.63, and not the $6,885.37, determined by Defendant.

Plaintiffs would further assert that pursuant to *Citizens Prop. Ins. Corp. v. Tio*, 304 So.3d 1278 (Fla. 3d DCA 2020), Defendant cannot have enforced policy provisions for its benefit regarding Replacement Cost Value vs. Actual Cash Value where the insurer is found to have breached the insurance policy. As the Third District Court of Appeal of Florida held,

> "On appeal and without citation to authority, Citizens makes the rather creative, though unavailing, argument that, when an insurer wrongfully denies coverage of a claim – causing its insured to file suit against the insurer for breaching the insurance contract – section 627.7011(3) limits the breach of contract damages a jury may award, as if the insurer had not breached the insurance contract. Citizens suggests that, after breaching the policy, it may enforce the terms of the policy at its convenience.
>
> Section 627.7011(3), however, governs an insurer's post-loss obligations in adjusting and settling claims covered by a replacement cost policy, and does not operate as a limitation on a policyholder's remedies for an insurer's breach of an insurance contract."

*Id.*, at 1280.

## VI.   Matching damage is recoverable due to Defendant's denial of coverage for roof

Defendant asserts that it only owes for the actual cash value of the damages (and not replacement cost value) prior to all repairs being completed and that it does not owe for any

DENNIS A. DONET, P.A.

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com

matching damages; however, based on Defendant's denial of the subject claim for replacement of the roofing system and denial of liability in suit, Plaintiffs should be allowed to present evidence of replacement cost value of the damages at trial.

Had coverage for replacing the roof not been denied, Defendant would presumably argue that matching is/was not owed under actual cash value, as it is not triggered under Fla. Stat. §626.9744 until repairs are made (as provided for by the loss settlement provision in the policy). Here, however, Defendant failed to afford coverage to replace the roof, therefore, it cannot rely on the policy's loss settlement provision to limit Plaintiffs' damages to actual cash value and exclude matching. As such, Plaintiffs are not precluded from seeking damages for "matching" elements.

## CONCLUSION

Given the foregoing, Plaintiff respectfully request this Court deny Defendant's Motion for Final Summary Judgment, finding that Plaintiffs' have established that genuine issues of material facts in dispute remain, and that Defendant has not met its burden of establishing its prejudice as required by the clear language of the Policy, or alternatively, to deny Defendant's motion finding that there is sufficient rebuttal evidence on the issue of prejudice for the Jury to consider whether Defendant was prejudiced, and whether, if applicable, Plaintiffs have presented sufficient evidence to rebut any such presumption of prejudice.

**WHEREFORE**, Plaintiffs request that this Honorable Court enter an Order denying Defendant's Motion for Summary Judgment, or alternatively, enter an Order determining that Defendant breached the Policy by failing to issue actual cash value for the Loss in an amount consistent with their expert's affidavit, together with any relief this Court deems just and

DENNIS A. DONET, P.A.

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com

Page | 13

equitable, including an award of entitlement to fees and costs in favor of Plaintiffs.

**DATED:** June 28, 2024.

                                                                      Respectfully submitted,

                                                                       **DENNIS A. DONET, P.A.**

                                            By: */s/ Dennis A. Donet*
                                                     **DENNIS A. DONET, ESQ.**
                                                     Florida Bar No.: 129569
                                                     Co-counsel for Plaintiffs

[Certificate of Service on next page]

**DENNIS A. DONET, P.A.**

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 28, 2024, the foregoing **Plaintiffs' Response to Defendant's [DE 67] Motion For Summary Judgment** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing (NEF) to each counsel of record registered therein.

                                      **DENNIS A. DONET, P.A.**

                                By: /s/ Dennis A. Donet
                                    **DENNIS A. DONET, ESQ.**
                                    Florida Bar No.: 129569
                                    Co-counsel for Plaintiffs
                                    9100 S. Dadeland Blvd.,
                                    Suite 906
                                    Miami, FL 33156
                                    Telephone: (305) 670-0074
                                    Fax: (305) 670-0061
                                    Email: dennis.donet@donetlaw.com
                                    Email: FedService@donetlaw.com

**DENNIS A. DONET, P.A.**

9100 South Dadeland Boulevard • Suite 906 • Miami, FL 33156
Telephone: 305-670-0074 • Fax: 305-670-0061 • www.DonetLaw.com